GEORGE L. BELL *vs.* LEWIS JOSSELYN.

An agent, who negligently directs water to be admitted to the water pipe in a room of a house owned by his principal, but of which he has the general management, is guilty of misfeasance, and is liable to the tenant of the shop below for the damages resulting from such admission. And the fact, that the room, in which the pipe is, is leased to another tenant at the time, is not conclusive against his liability.

ACTION OF TORT for negligently causing water to be admitted to a water pipe in the second story of a building, so that it flowed through and from that pipe into the shop of the plaintiff in the lower story.

At the trial at January term 1854 of the court of common pleas, before *Wells*, C. J. there was evidence tending to show that this building was one of a block which belonged to the defendant's wife, but which he managed, executing leases, receiving rents and making repairs in his own name; that the Cochituate water was supplied to this block by one main pipe, and distributed by branches to the several tenements; that one Frost was tenant at will of the room over the plaintiff's shop, and had agreed, in part payment for his rent, to pay the water rates for the whole block; but had neglected to do this, and suffered the waste pipe from his sink to get clogged; that the water commissioners of the City of Boston had therefore cut

off the supply of water from the block; that the defendant, be-ing informed that one of the tenants wanted the water, went to the water commissioners, paid the rates, became responsible for them for the future, and directed the water to be let on; which was done ; and that the faucet in Frost's room was left open, so that the water, after filling the sink, overflowed, and soaked through the floor into the plaintiff's shop and damaged his property.

The defendant contended that the action could not be main-tained against him, because he was an agent, acting within the scope of his authority. But the court ruled that his being an agent, in a case like the present, would not, in itself, and stand-ing alone, be a defence to this action.

The defendant then contended that an agent could not be held liable, when acting within the scope of his authority, for a mere nonfeasance—which he contended this was—nor for any negli-gence, while acting within the scope of his authority. But the court ruled that the direction to the water commissioners to let on the water, was not a nonfeasance, but a positive act; and if it was done negligently, and without the exercise of ordinary care, he would be liable for any injury occasioned by the want of ordinary care.

The defendant further contended that he could not be liable for want of care in Frost's room, while the tenancy of Frost con-tinued. But the court ruled that Frost's tenancy would not, of itself, be a defence to the action ; but would diminish the amount of care which could be reasonably required of the defendant in relation to the premises which Frost occupied.

" The court instructed the jury that, to enable the plaintiff to recover, he must prove four things : 1st. That the defendant had the general management and charge of the premises ; 2d. That the directing of the letting on of the water was the cause of the injury ; 3d. That in ordering the letting on of the water, without first ascertaining that the faucet in Frost's room was properly turned, the defendant was guilty of a want of ordinary care, that is, such care as a man of ordinary prudence would exercise in his own affairs ; 4th. That the plaintiff was in the exercise of ordinary care when he met with the injury."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. E. Allen & A. O. Allen*, for the defendant. The defendant was an agent, acting within the scope of his authority, and guilty, at most, only of nonfeasance or negligence; the maxim *respondeat superior* therefore applies, and the judge erred in instructing the jury that his being an agent, in a case like the present, would not, in itself, be a defence to the action. Paley on Agency (3d Amer. ed.) 396–398. Story on Agency, §§ 308, 310, 314. 3 Chit. Com. & Manuf. 214. *Lane* v. *Cotton*, 12 Mod. 488. *Denny* v. *Manhattan Co.* 2 Denio, 115. *Colvin* v. *Holbrook*, 2 Comst. 129. *Milligan* v. *Wedge*, 12 Ad. & El. 737. *Philadelphia & Reading Railroad* v. *Derby*, 14 How. 486. *Cavenagh* v. *Such*, 1 Price, 328.

The instruction that Frost's tenancy would not of itself be a defence to this action, but would only diminish the amount of care which would be required of the defendant, as to that part of the premises which had been occupied by Frost, was erroneous. *Cannan* v. *Hartley*, 13 Law Reporter, 312. *Prentiss* v. *Warne*, 10 Missouri, 601. *Fiske* v. *Framingham Manuf. Co.* 14 Pick. 491. *Offerman* v. *Starr*, 2 Barr, 394.

*S. E. Sewall*, for the plaintiff.

METCALF, J. Our opinion is, that the rule of law, on which the defendant attempts to sustain these exceptions, is not applicable to this case. Assuming that he was a mere agent, yet the injury for which this action is brought was not caused by his nonfeasance, but by his misfeasance. Nonfeasance is the omission of an act which a person ought to do; misfeasance is the improper doing of an act which a person might lawfully do; and malfeasance is the doing of an act which a person ought not to do at all. 2 Inst. Cler. 107. 2 Dane Ab. 482. 1 Chit. Pl. (6th Amer. ed.) 151. 1 Chit. Gen. Pract. 9. The defendant's omission to examine the state of the pipes in the house, before causing the water to be let on, was a nonfeasance. But if he had not caused the water to be let on, that nonfeasance would not have injured the plaintiff. If he had examined the pipes and left them in a proper condition, and then caused the letting on

of the water, there would have been neither nonfeasance nor misfeasance. As the facts are; the nonfeasance caused the act done to be a misfeasance. But from which did the plaintiff suffer? Clearly from the act done, which was no less a misfeasance by reason of its being preceded by a nonfeasance.

The instructions to the jury were sufficiently favorable to the defendant; and the jury, under those instructions, must have found all the facts necessary to the maintenance of the action.

*Exceptions overruled.*