EDWARD W. CAINE, administrator, *vs.* COMMONWEALTH. October 7, 1975. The plaintiff, as administrator, on March 4, 1974, brought an action against the Commonwealth for its alleged negligent failure to keep a State highway free of an unnatural accumulation of ice, thereby causing a collision of vehicles on January 14, 1973, in which the decedent, the driver of one of them, was alleged to have suffered injuries which resulted in her death on the same day after conscious suffering. Damages of $500,000 were claimed. The judge of the Superior Court on March 24, 1974, allowed, without opinion, a motion by the Commonwealth to dismiss the declaration; the ground urged by the Commonwealth was the formal one that the plaintiff had proceeded by writ and declaration rather than petition and order of notice, as then required by G. L. c. 258, § 1. The statute has since been amended by St. 1973, c. 1114, § 337, effective July 1, 1974, to conform to the new Massachusetts Rules of Civil Procedure. To "ensure justice," we examine the merits, which have been argued. See Mass. R. Civ. P. 1A, par. 10, 365 Mass. 731 (1974); Mass. R. A. P. 1A, 365 Mass. 845 (1974). The declaration was in three counts. One count sought a declaratory judgment that the Commonwealth was not shielded by any immunity and was liable to the same extent as any ordinary defendant would be for negligent conduct. This count deserved to be dismissed because, as we recently said in *Hannigan* v. *New Gamma-*

*Delta Chapter of Kappa Sigma Fraternity, Inc.,* 367 Mass. 658 (1975), we are not at present disposed to attempt by decision to declare how far the Commonwealth's immunity should be eliminated; preferably the matter should be dealt with by legislation. See *Morash & Sons, Inc.* v. *Commonwealth,* 363 Mass. 612 (1973). Indeed, in the present case there is legislation, G. L. c. 81, § 18 (referring internally to G. L. c. 84, §§ 15, 18, and 19), that sets forth and limits in character and amount the responsibility of the Commonwealth for injuries sustained by persons traveling on State highways by reason of certain defects in those roads. The other two counts of the declaration, however, attempting to claim recovery for conscious suffering and death, appear not to have been drawn by reference to c. 81, § 18. Without intimating any opinion whether the facts are amenable to the statement of a claim under the statute, we shall modify the judgment appealed from to the extent of granting the plaintiff leave to amend his complaint with a view to stating such a claim, the amended pleading to be filed within forty days of the date of the rescript herein. Cf. *Charbonnier* v. *Amico,* 367 Mass. 146, 153-154 (1975); Mass. R. Civ. P. 15 (a), second sentence, 365 Mass. 761 (1974).

*So ordered.*

*Donald J. Fleming* for the plaintiff.

*Francis X. Bellotti,* Attorney General, & *W. Channing Beucler,* Assistant Attorney General, for the Commonwealth, submitted a brief.