JEANNETTE C. PIOTTI, executrix, vs. COMMONWEALTH
& another.[1]

Norfolk.   April 8, 1976. — June 7, 1976.

Present: REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Governmental Immunity. Commonwealth, Liability for tort. Compensation of Victims of Violent Crimes.*

An action alleging that through the Commonwealth's negligence two
    juveniles escaped from the custody of the Department of Youth Ser-
    vices and subsequently killed the plaintiff's decedent could not be
    maintained inasmuch as the Legislature had provided a remedy for
    victims of violent crimes under G. L. c. 258A, which effectively lim-
    its the Commonwealth's liability. [387-388]

TORT.   Writ in the Superior Court dated January 18,
1973.

The action was heard by *Mitchell, J.*, on a motion to
dismiss.

The Supreme Judicial Court granted a request for direct
appellate review.

*James R. DeGiacomo (Loring A. Cook, III*, with him)
for the plaintiff.

*W. Channing Beucler*, Assistant Attorney General, for
the Commonwealth.

WILKINS, J.   The plaintiff, executrix of the estate of
John J. Piotti, appeals from a judgment dismissing her
complaint as to the defendant Commonwealth of Massa-
chusetts. We granted her request for direct appellate re-
view because this case involves the extent of the Common-
wealth's immunity from liability in tort, a matter with
which we have been concerned in recent years. See, in

---

[1] The other defendant, Jerome G. Miller, former Commissioner of
Youth Services of the Commonwealth, is not involved in this appeal.

order, *Morash & Sons* v. *Commonwealth*, 363 Mass. 612 (1973) ; *Hannigan* v. *New Gamma-Delta Chapter of Kappa Sigma Fraternity, Inc.*, 367 Mass. 658 (1975) ; *Caine* v. *Commonwealth*, 368 Mass. 815 (1975). We adhere to our views previously expressed on the subject of sovereign immunity and conclude that, because the Commonwealth provided a means of compensation for losses incurred by victims of crime, dismissal of the complaint as to the Commonwealth was proper.

The plaintiff alleged against the Commonwealth that it negligently failed to provide adequate and safe custody of two juveniles in the custody of the Department of Youth Services; that the Commonwealth's agents and servants knew or should have known that the two juveniles were a threat to public safety; and that, as a result of negligence of the Commonwealth acting through certain agents or servants, the juveniles escaped and two days later attacked the plaintiff's decedent, inflicting severe injuries from which he died. Although expressing sympathy for the plaintiff in her situation, the judge dismissed the complaint against the Commonwealth because the Commonwealth had provided a remedy to victims of violent crimes. See G. L. c. 258A, inserted by St. 1967, c. 852, § 1.

In this circumstance, a claim against the Commonwealth for damages based on conscious suffering and death may not be maintained. Although it may be inadequate and is fortuitous in the circumstances, relief is available under G. L. c. 258A. In a situation where the Legislature has provided some relief to the victim, we will not limit the doctrine of sovereign immunity otherwise and, thus, override the Legislature's judgment. We accept what is in effect a statutory limitation of liability because the Legislature has adverted to the subject and has expressed its intent concerning the existence and the maximum extent of the Commonwealth's liability. Our recent opinion in *Caine* v. *Commonwealth*, 368 Mass. 815 (1975), adumbrated the result we reach here. In that case, a statutory remedy, although potentially inadequate in amount to provide full compensation to the plaintiff (G. L. c. 81, § 18),

was a sufficient manifestation of the Legislature's intention concerning the extent of the Commonwealth's liability to prompt this court to decline to broaden governmental liability. Here, although the compensation is limited in amount and is available for injury from any violent crime without regard to whether the loss was caused by the fault of the Commonwealth, the Legislature has provided specific relief. See *Gurley* v. *Commonwealth,* 363 Mass. 595, 600 (1973), a case interpreting G. L. c. 258A. Indeed, in this situation, the Legislature has eliminated the need for proof of causation or fault in allowing relief, a more favorable circumstance than existed in the *Caine* case.[2]

*Judgment affirmed.*

2 The plaintiff does not claim that recovery is not available under G. L. c. 258A. Without support in the record, but without denial by the plaintiff, the Commonwealth asserts that the plaintiff recovered the maximum amount under G. L. c. 258A in 1974.