**Diane CANTWELL, Plaintiff, Appellant,**

v.

**UNIVERSITY OF MASSACHUSETTS**

**and**

**Michael Kasavana, Defendants, Appellees.**

No. 76–1187.

United States Court of Appeals, First Circuit.

March 23, 1977.

John M. DeStefano, Jr., Richard M. Canzano, and DeStefano & Canzano, Woburn, Mass., on brief for plaintiff, appellant.

Francis X. Bellotti, Atty. Gen., and W. Channing Beucler, Asst. Atty. Gen., Boston, Mass., on brief for defendants, appellees.

Before COFFIN, Chief Judge, and ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is an appeal from the district court's dismissal of a diversity action for personal injury. According to her complaint, and deposition, the claim is that plaintiff Diane Cantwell, a nationally known gymnast, was a member of the gymnastics team of the defendant University of Massachusetts. On the day in question, defendant Kasavana, the assistant coach, directed her to do her mount onto the uneven parallel bars. It was, according to plaintiff, Kasavana's responsibility to stand next to the gym equipment as a "spotter" in order to catch anyone who fell. As she began her run to the bars, plaintiff saw Kasavana standing inside the guy wires attached to the equipment, in the spotter's position.

During the first part of her mount, plaintiff was supposed to switch her grip, and when she failed to accomplish this she fell, suffering severe injuries. As she was falling, plaintiff looked over and saw Kasavana standing outside of the guy wires, beyond reach. The district court dismissed the action as to the University, a state school, on the basis of sovereign immunity, and as to Kasavana on the ground that, as a public official, he was immune from liability for nonfeasance. Plaintiff appeals.

■ In 1973, the Massachusetts Supreme Judicial Court held that it possessed the authority to abolish the doctrine of governmental immunity, and did so in one limited area, but the court declined to abrogate the doctrine altogether, stating that "the Legislature should be afforded an opportunity to do this by a comprehensive statute." *Morash & Sons, Inc. v. Commonwealth*, 1973, 363 Mass. 612, 623, 296 N.E.2d 461, 468. Although the legislature has not yet taken such action, the court has continued to decline to change the doctrine judicially. *Hannigan v. New Gamma-Delta Ch. of K.S.*

*Frat., Inc.*, Mass.Adv.Sh. (1975) 1416, 327 N.E.2d 882; *Caine v. Commonwealth*, Mass. Adv.Sh. (1975) 2990, 335 N.E.2d 340; *Piotti v. Commonwealth*, Mass.Adv.Sh. (1976) 1416, 348 N.E.2d 425. Plaintiff contends "that if the facts of the present case were before the Supreme Judicial Court, that Court would abrogate the doctrine of sovereign immunity and permit the plaintiff's cause of action to stand." Conceivably, the court might so conclude, but it is not for us to make up its mind for it. Our duty is to interpret and apply state law as it now is.

■ Alternatively, plaintiff asks us to certify this question to the Massachusetts court, pursuant to Supreme Judicial Court Rule 3:21, in order to afford it the opportunity to change. This is a misconception of the purpose of certification, which is not to permit a party to seek to persuade the state court to change what appears to be present law. *Tarr v. Manchester Ins. Corp.*, 1 Cir., 1976, 544 F.2d 14. Furthermore, the bar should take notice that one who chooses the federal courts in diversity actions is in a peculiarly poor position to seek certification. We do not look favorably, either on trying to take two bites at the cherry by applying to the state court after failing to persuade the federal court, or on duplicating judicial effort. We decline to certify, and hold that the district court correctly dismissed the suit against the University of Massachusetts.

■ With respect to the individual defendant, under Massachusetts law, "a public officer engaged wholly in the performance of public duties is personally liable only for his own acts of misfeasance". *Oeschger v. Fitzgerald*, Mass.App.Ct.Adv.Sh. (1974) 781, 314 N.E.2d 444, 447. *Accord, e. g., Desmarais v. Wachusetts Regional School Dist.*, 1971, 360 Mass. 591, 276 N.E.2d 691; *Moynihan v. Todd*, 1905, 188 Mass. 301, 74 N.E. 367. However, the distinction drawn by the Massachusetts court between what is misfeasance and nonfeasance is not always clear. In *Trum v. Paxton*, 1952, 329 Mass. 434, at 438, 109 N.E.2d 116, at 118–119, the court said,

"[N]egligence which amounts to nothing more than an omission or nonfeasance creates no liability. . . . While nonfeasance is the omission of an act which a person ought to do, misfeasance is the improper doing of an act which a person might lawfully do."

We do not take this to mean that liability turns on whether the particular negligence alleged is, viewed in isolation, an act or an omission. *See Oeschger,* ante, 314 N.E.2d at 447. Thus, in *Nowell v. Wright,* 1861, 85 Mass. 166, the Massachusetts court held a public official liable for misfeasance for failing to close the gates and put up signal lights when he had opened a drawbridge. *See also Bell v. Josselyn,* 1855, 69 Mass. 309 (turning on water without checking pipes). Under our view of the Massachusetts rule, defendant here would not be liable for the mere failure to spot, just because it was his duty to do so. However, if he had, by affirmative conduct, reasonably led plaintiff to believe that he would spot her throughout her trick, and, in addition, she had reasonably relied thereon, a jury could find his failure to perform to be misfeasance rather than mere nonfeasance.

We cannot say the record precludes the possibility of such findings.*

*The judgment for defendant Kasavana is vacated, and the cause remanded for further proceedings not inconsistent herewith.*

---

* Nor do we attempt to state exactly what facts would, or would not, make out a cause of action. But as an illustration we remark that if it should appear that defendant did not consistently spot her, the fact that she assumed, merely because he was close when she started on that particular occasion, that he was going to spot her that time, would not be enough.