**Felice ROTONDO**

v.

**SEABOARD FOUNDRY, INC.**

No. 80–245–Appeal.

Supreme Court of Rhode Island.

Oct. 16, 1981.

Edward John Mulligan, Carolyn E. Mulligan, Warwick, for plaintiff.

Gunning, LaFazia & Gnys, Inc., Guy J. Wells, Jeanne Ellen LaFazia, Providence, for defendant.

### ORDER

This is an employment-contract dispute in which the plaintiff claims that the defendant, in discharging him, wrongfully breached his employment contract. In its complaint, the plaintiff described the contract as "an oral contract of employment for an indefinite period of time." At trial, the defendant, after both sides had rested,

sought a directed verdict. The trial justice reserved decision on the motion and submitted the case to the jury, which in turn returned a verdict in favor of the plaintiff for $25,000. Immediately thereafter the trial justice directed a verdict for the defendant, relying on the settled rule which holds that a promise to render personal services to another for an indefinite term is terminable at any time at the will of either party.

On October 5, 1981, plaintiff appeared before us and attempted to show why his appeal should not be summarily dismissed in light of the principle alluded to above and repeated in *Oken v. National Chain Co.*, R.I., 424 A.2d 234, 237 (1981), and *School Committee of Providence v. Board of Regents*, 112 R.I. 288, 291, 308 A.2d 788, 790 (1973). *See also Ventetuolo v. Burke*, 596 F.2d 476, 481 (1st Cir. 1971); 1 Corbin, *Contracts* § 70 at 292–93 and § 96 n.22 at 418–19 (1963); 9 Williston, *Contracts* § 1017 at 129–30 (3d ed. 1967); 62 A.L.R.3d 271 (1975).

After consideration of the record and arguments of counsel, we are of the opinion that no cause has been shown. Consequently, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.