943 F.2d 48
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ELMO GREER & SONS, INCORPORATED, a Kentucky Corporation,
Plaintiff-Appellant,
v.
GREEN CONSTRUCTION COMPANY, an Iowa or Texas Company,
Defendant-Appellee.
 No. 90-1494.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1991.
Decided Sept. 10, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. John T. Copenhaver, Jr., District Judge. (CA-88-911-5)
 Argued: Carl Lee Fletcher, Jr., Spilman, Thomas, Battle & Klostermeyer, Charleston, W. Va., for appellant.
 Christopher Lerner, Gadsby & Hannah, Washington, D.C., for appellee. On Brief: John H. Tracy, Gadsby & Hannah, Washington, D.C., Raymond G. Dodson, Dodson, Riccardi & Lutz, Charleston, W. Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and THOMAS SELBY ELLISS, III., United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff Elmo Greer and Sons, Inc. ("Greer") appeals a judgment of the District Court for the Southern District of West Virginia granting summary judgment for the defendant, Green Construction Company ("Green Construction").[1] We affirm.
 
 I.
 
 2
 This case arises out of two contracts to perform road work for the West Virginia Department of Highways ("WV-DOH"). Specifically, the contracts concerned relocation of Route 27/10 and related work on a bridge. One of the contracts was entered into by the defendant, Green Construction; the other, by the plaintiff, Greer. The contracts contained "reciprocal obligations to cooperate and coordinate each others' work in order to enable each contractor to complete its respective project on time." These obligations were of particular importance here because the work that was the subject of Greer's contract could not be performed until the work of Green Construction was completed.
 
 
 3
 Under a contractors' coordination plan submitted to the WV-DOH, Green Construction was originally to have completed its work by December 1, 1984. However, Green Construction failed to meet this deadline, as well as successive extensions of the deadline. The work was not completed until some eight months after the originally scheduled completion date. Although Greer was able to complete its contract by the agreed upon date, June 30, 1986, Greer allegedly incurred substantial additional expenses. According to Greer, finishing on time required hiring additional laborers and supervisors as well as using additional equipment. Greer filed an action in federal district court against Green Construction, stating in its complaint that, as a result of the delays by Green Construction, it had suffered direct losses of $3,211,602.59. Greer alleged additional damages from loss of opportunities to initiate or complete other projects, and asked for a total recovery of five million dollars. Greer asserted that it was entitled to recover these damages from Green Construction as a third-party beneficiary of the contract between Green Construction and the WV-DOH.
 
 
 4
 Applying the substantive law of West Virginia, the district court found that Greer was required to be the sole intended beneficiary of the contract before Greer could recover on a third-party beneficiary theory. Finding that Greer was not the sole intended beneficiary of the contract between Green Construction and the WV-DOH, the district court granted summary judgment for Green Construction.
 
 
 5
 Greer appeals, arguing that West Virginia has rejected the "sole beneficiary" test.
 
 II.
 
 6
 "[A] court of appeals should review de novo a district court's determination of state law." Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991). Employing such a standard of review here, we find no merit to Greer's argument that West Virginia has rejected the "sole beneficiary" test. West Virginia courts have unwaveringly upheld this prerequisite to recovery by a third-party beneficiary. See Ison v. Daniel Crisp Corp., 146 W.Va. 786, 122 S.E.2d 553 (1961); United Dispatch, Inc. v. E. J. Albrecht Co., 135 W.Va. 34, 62 S.E.2d 289 (1950) (collecting cases).
 
 
 7
 The rule that Greer seeks to establish would not only be contrary to a long line of West Virginia cases, it would directly contradict the express language of the applicable West Virginia statute, which provides, "If a covenant or promise be made for the sole benefit of a person with whom it is not made ... such person may maintain, in his own name, any action thereon which he might maintain in case it had been made with him only...." W.Va.Code § 55-8-12 (emphasis added). The language of the statute is clear, and its application to this case is unavoidable--Greer must show that the contract was made for its sole benefit or it cannot maintain an action on the contract as a third-party beneficiary.
 
 
 8
 Despite the express language of the statute, Greer argues that West Virginia no longer requires, as a prerequisite to recovery, a showing that the contract was made for the sole benefit of the third-party beneficiary. In support of this argument, Greer quotes Woodford v. Glenville State College Housing Corp., 159 W.Va. 442, 225 S.E.2d 671 (1976), in which the Supreme Court of Appeals of West Virginia declared, "we find that the plain wording of the contract precludes plaintiff's recovery because not only was it not made for his sole benefit, a point he might have overcome with the majority, it was not made for his benefit at all." Woodford, 225 S.E.2d at 674-75 (emphasis added). Greer seeks a determination by this court that, in light of Woodford, a party need not be the sole intended beneficiary to recover as a third-party beneficiary in West Virginia. We do not read Woodford as supporting this modification of established West Virginia case precedents and statutory law.
 
 
 9
 First, although the Supreme Court of Appeals of West Virginia questioned, in Woodford, the continued validity of the "sole beneficiary" test, the court did not purport to overrule it. The statement from Woodford on which Greer relies was mere dicta. The case was resolved not on the issue of whether the plaintiff was the sole intended beneficiary, but on the threshold question of whether the plaintiff could show that the contract was "made for his benefit at all." Woodford, 225 S.E.2d at 675. The court never reached the issue of whether the contract was for his sole benefit.
 
 
 10
 Second, while the Woodford court expressed its willingness to reconsider the "sole beneficiary" requirement, the court gave no indication as to how it could possibly avoid the clear statement in the statute requiring a third-party beneficiary to be the sole beneficiary. The court merely stated that it "questions such a restrictive interpretation of the statute." Woodford, 225 S.E.2d at 674. Certainly, this language indicates that the Woodford court contemplated some kind of change in the law. However, as a federal court sitting in diversity, we are not in a position to speculate as to how the Supreme Court of Appeals of West Virginia might avoid the express language of the statute. The Woodford opinion gives no indication as to a proposed rationale for avoiding the language of the statute, nor as to the intended extent of any departure from the express statutory language, nor as to the specific fact situations in which such a departure would be justified.
 
 
 11
 As we held in Washington v. Union Carbide Corp., 870 F.2d 957 (4th Cir.1989), "Federal courts are permitted under Erie R.R. Co. v. Tompkins, 304 U.S. 64, ... and [United Mine Workers v. ]Gibbs, 383 U.S. , ... to rule upon state law as it presently exists and not to surmise or suggest its expansion." Id. at 962. When we look at West Virginia state law as it presently exists, we find a statute that expressly requires a third-party beneficiary to be the sole beneficiary, and there are no cases construing the statute otherwise.[2] Therefore, we affirm the district court's finding that, under West Virginia law as it now exists, Greer has failed to state a cause of action as a third-party beneficiary to the contract between Green Construction and the WVDOH.
 
 III.
 
 12
 Greer has asked this court, in the alternative, to certify to the Supreme Court of Appeals of West Virginia the question of whether a third-party beneficiary must be the "sole beneficiary." We find that certification is not justified under the facts of this case. Greer, as the plaintiff, chose the forum in which to bring its lawsuit and must abide by the determinations of that forum. Greer never asked for certification until after the district court ruled adversely on the "sole benefit" issue. We hold that Greer cannot wait until the federal court interprets the law such that relief is denied and then attempt another opportunity to have the case decided, this time by the state court. We agree with the reasoning in Cantwell v. University of Massachusetts, 551 F.2d 879 (1st Cir.1977), in which the court, responding to the plaintiff's motion to certify, held:
 
 
 13
 [T]he bar should take notice that one who chooses the federal courts in diversity actions is in a peculiarly poor position to seek certification. We do not look favorably, either on trying to take two bites at the cherry by applying to the state court after failing to persuade the federal court, or on duplicating judicial effort. We decline to certify....
 
 
 14
 Id. at 880.
 
 
 15
 Therefore, Greer's request for certification is denied.
 
 IV.
 
 16
 Finding no error in the district court's decision, and that certification is not warranted here, we
 
 
 17
 AFFIRM.
 
 WILKINS, Circuit Judge, dissenting:
 
 18
 In its most recent pronouncement on this issue, the Supreme Court of Appeals of West Virginia clearly indicated that if the issue before us were presented to that body, it would disagree with the result reached by the majority. Were I writing for the majority, I would hold that appellant need not establish that it was the sole beneficiary of the contract. But, neither the majority nor I can predict with certainty how the state court, given the opportunity, would resolve this issue that concerns a matter of state law. Because West Virginia recognizes a procedure under which this court may certify questions of law to the Supreme Court of Appeals of West Virginia, see W.Va.Code § 511A-1 (1981), I believe that certification is a particularly appropriate vehicle for resolution of this issue.
 
 
 
 [1]
 Greer is a Kentucky corporation; Green, an Iowa corporation. This action was based on diversity jurisdiction under 28 U.S.C. § 1332
 
 
 [2]
 Greer argues that in West Virginia, the syllabus is law and that, even if the body of the Woodford opinion did not change the law, the syllabus of that opinion did. Even assuming the syllabus is law in West Virginia, we find that the language of the syllabus in question does not reject the "sole beneficiary" test. The Woodford syllabus states, "Where plaintiff seeks recovery as a third party beneficiary under a contract to which he is not a party under W.Va.Code, 55-8-12, it is necessary that plaintiff demonstrate that the contracting parties intended to confer a benefit upon the plaintiff by their contract." Greer argues that the absence of any reference to "sole benefit" establishes that the requirement has been rejected. We disagree. The syllabus merely reflects the disposition of the case, which was resolved on the threshold finding that there was no intent to confer a benefit on the plaintiff at all. The syllabus states that it is "necessary that plaintiff demonstrate that the contracting parties intended to confer a benefit upon the plaintiff by their contract." However, the syllabus nowhere states that it is sufficient to merely demonstrate an intent to confer a benefit. Thus, we conclude that neither the body nor the syllabus of the Woodford opinion abolished the "sole benefit" test in West Virginia