USCA1 Opinion

 

 December 14, 1994 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 94-1009 IN RE: SAN JUAN DUPONT PLAZA HOTEL FIRE LITIGATION. _________________________ FEDERICO QUINONES ARTAU, Plaintiff, Appellant, v. HOTEL SYSTEMS INTERNATIONAL, ET AL., Defendants, Appellees. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ _________________________ Roberto Roldan Burgos and Bufete Jose Antonio on brief for ______________________ ____________________ appellant. James M. Harris, Theodore A. Pianko, and Sidley & Austin on ________________ __________________ _______________ brief for appellees. _________________________ _________________________ Per Curiam. This case arises from the now-infamous Per Curiam. ___________ conflagration that devastated the San Juan Dupont Plaza Hotel on New Year's Eve (December 31, 1986). Plaintiff-appellant Federico Quinones Artau, an assistant district attorney, was called to the scene in his official capacity and spent the better part of several days there. He claims that his exposure to conditions at the site (e.g., copious amounts of smoke) made him ill. ____ Consequently, he filed for, and received, workers' compensation benefits. In due course, appellant's thoughts turned to a potential third-party recovery. To this end, he filed suit in the United States District Court for the District of Puerto Rico. His suit named a variety of persons and firms allegedly instrumental in causing the blaze or aggravating its deleterious effects, and sought damages for personal injury, including pain and suffering, lost earnings, medical expenses, and the like. The district court, after first requiring appellant to flesh out his claims, dismissed the suit for failure to state a cause of action upon which the court might grant relief. See Fed. R. Civ. ___ P. 12(b)(6). This appeal eventually ensued.1 We need not linger. In this diversity case, the  ____________________ 1We leave to one side the questions that appellees have raised concerning the timeliness of the appeal. See In re D.C. ___ ___________ Sullivan Co., 843 F.2d 596, 598 (1st Cir. 1988) (explaining that, ____________ where a decision on the merits is straightforward and will resolve the case in favor of the party asserting want of appellate jurisdiction, the appellate court, in its discretion, may hinge its decision on the merits instead of on the jurisdictional issue). 2 substantive law of Puerto Rico controls. See Crellin ___ _______ Technologies, Inc. v. Equipmentlease Corp., 18 F.3d 1, 4 (1st __________________ _____________________ Cir. 1994) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 ______________ ________ (1938)). Puerto Rico adheres to an expanded version of the hoary "Fireman's Rule," recast in modern times as the "Professional Rescuer's Rule." Under that rule, there is no tort liability when, as in this case, the risk created by the defendants' conduct is one that the plaintiff predictably encounters when he enters upon private property in the course of carrying out his professional duties as, say, a firefighter or police officer. See Soto Rivera v. Tropigas de P.R., Inc., 117 D.P.R. 863, 867 ___ ___________ _______________________ (1986); see also Ortiz Andujar v. E.L.A., 122 D.P.R. 817 (1988); ___ ____ _____________ ______ Alvarado v. United States, 798 F. Supp. 84, 87-88 (D.P.R. 1992). ________ _____________ Appellant's case seems to fit squarely within the four corners of the Soto Rivera doctrine, as his injuries arose in the course of ___________ his employment, he received benefits (i.e. workers' compensation) ____ for those injuries from the State Insurance Fund, and he assumed the risk of the conditions existing at the fire scene when he reported for duty.2 To be sure, we recognize that appellant strives valiantly to distinguish his case from earlier precedents, largely on the ground that district attorneys, unlike, say,  ____________________ 2We base our decision on a slightly different ground than that employed by the district court. We view such a shift as well within our authority. See Garside v. Osco Drug, Inc., 895 ___ _______ ________________ F.2d 46, 49 (1st Cir. 1990) (explaining that an appellate court is free to affirm a judgment on any independently sufficient ground made manifest by the record); Polyplastics, Inc. v. ___________________ Transconex, Inc., 827 F.2d 859, 860-61 (1st Cir. 1987) (same). ________________ 3 firefighters or police officers, are not usually, or even regularly, assigned to visit fire scenes, and are not customarily exposed to peculiar environmental hazards in performing their wonted duties. But we must apply Puerto Rico law in this case, and the Puerto Rico Supreme Court has given no indication that it will carve out any exception to the Soto Rivera doctrine, let ___ ____________ alone honor the novel distinction that appellant seeks to draw. That ends the matter: we have repeatedly warned that a litigant who, like appellant, deliberately chooses "to reject a state- court forum in favor of a federal forum . . . is in a perilously poor position to grumble" about the federal court's unwillingness to blaze new, uncharted state-law trails. Kassel v. Gannett Co., ______ ___________ 875 F.2d 935, 950 (1st Cir. 1989). Accord Porter v. Nutter, 913 ______ ______ ______ F.2d 37, 40-41 (1st Cir. 1990); Croteau v. Olin Corp., 884 F.2d _______ __________ 45, 46 (1st Cir. 1989); Cantwell v. University of Massachusetts, ________ ___________________________ 551 F.2d 879, 880 (1st Cir. 1977). We may, perhaps, be unadventurous in our interpretation of Puerto Rico law, but a plaintiff who seeks out a federal venue in a diversity action should not anticipate greater daring. Affirmed. See 1st Cir. Loc. R. 27.1. Affirmed. ________ ___ 4