Manchester School v. Crisman            CV-97-632-M     09/17/01
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


City of Manchester School District,
      Plaintiff

      v.                                    Civil No. 97-632-M
                                            Opinion No. 2001 DNH 168
Margaret Crisman, as Surrogate
Parent for Kimberli M., and the
Town of Pittsfield School District,
      Defendants


                            **O R D E R**


      By order dated July 31, 2001, the court granted judgment in

favor of Kimberli M.  Before the court are: (1) a Motion to

Certify Questions of Law to the New Hampshire Supreme Court; and

(2) a Motion to Amend or Alter the Judgment, filed by the

Manchester School District ("MSD").  Both defendants object.  For

the reasons stated below, MSD's motions are denied.


      Plaintiff could have brought this suit in the state courts,

but chose the federal forum.  "[O]ne who chooses to litigate . .

. in the federal forum . . . must ordinarily accept the federal

court's reasonable interpretation of extant state law rather than seeking extensions via the certification process." Santiago v. Sherwin Williams Co., 3 F.3d 546, 548 (1st Cir. 1993) (quoting Croteau v. Olin Corp., 884 F.2d 45, 46 (1st Cir. 1989)); see also Fischer v. Bar Harbor Banking & Trust Co., 857 F.2d 4, 8 (1st Cir. 1988) (quoting Cantwell v. University of Mass., 551 F.2d 879, 880 (1st Cir. 1977)). Because MSD could have brought this action in the state courts, but chose not to, and because the questions it seeks to certify have already been ruled on in this case, certification at this point is not warranted.

While, under other circumstances, the court might have certified dispositive state-law questions (and of course MSD had ample opportunity to request certification), at this point, with the issue presented having already been resolved, certification would merely burden the New Hampshire Supreme Court, and, in effect, substitute that court for the court of appeals as reviewer of this court's judgment. If an appeal is taken, and if the court of appeals deems it appropriate to certify questions of

2

state law, then certification will occur. But this court, at this stage in the litigation, cannot "look favorably, either on trying to take two bites at the cherry by applying to the state court after failing to persuade the federal court, or on duplicating judicial effort." Fischer, 857 F.2d at 8 (quoting Cantwell, 551 F.2d at 880)).

In summary, if MSD thought that the state-law questions it seeks to certify were close and debatable, it had a chance to say so. But now that this court has construed the relevant New Hampshire statute, based upon the parties' full briefing, and in the absence of any suggestion by MSD, at the time of briefing, that state-law questions be certified, MSD cannot now be heard to argue that these questions require authoritative construction by the New Hampshire Supreme Court. Cf. Santiago, 3 F.3d at 548 (denying request for certification from plaintiff who requested certification from the court of appeals but who had "explicitly stated her opposition to certification at the district court level").

3

For the reasons given, MSD's Motion to Certify Questions of Law to the New Hampshire Supreme Court (document no. 82) is denied. And, because MSD's Motion to Amend or Alter the Judgment (document no. 81) seems intended merely to provide a procedural basis for certifying questions to the New Hampshire Supreme Court (and is otherwise without merit) that motion is also denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 17, 2001

cc:  Dean B. Eggert, Esq.
     Lynne J. Zygmont, Esq.
     Jay C. Boynton, Esq.
     Jed Z. Callen, Esq.

4