Michelle STEWART, Individually and as Administratrix of the Estate of Stephen Morgan, Plaintiff,

v.

MILFORD–WHITINSVILLE HOSPITAL, et al., Defendants.

No. CIV.A.00–4021–NMG.

United States District Court, D. Massachusetts.

Aug. 3, 2004.

Leonard Simon, Waltham, MA.

Bruce Henry/Brent Tingle, Morrison, Mahoney LLP, Boston, MA.

Martin Foster, Foster & Eldridge, LLP, Cambridge, MA.

Mary Kennedy, Bulkley Richardson & Gelinas, Springfield, MA.

## MEMORANDUM & ORDER

GORTON, District Judge.

This action arises from a claim for wrongful death. Pending before the Court is a motion by the plaintiff, Michelle Stewart ("Stewart") to certify a question of law to the Massachusetts Supreme Judicial Court ("SJC").

### I. *Background*

Plaintiff filed the instant suit on behalf of herself and as administratrix of the estate of her deceased husband, Stephen Morgan. She alleges that: 1) Milford–Whitinsville Regional Hospital ("MWRH") is liable for violation of 42 U.S.C. 1395dd, the so-called Emergency Medical Treatment and Labor Act ("EMTALA") and 2) the other defendants (Dr. Christopher Haddad, Dr. Ross Carol, Dr. Peter McLauglin, Dr. Joseph Currier and Orion Emergency Services, Inc.) are liable for causing conscious pain and suffering and for wrongful death, gross negligence and negligent infliction of emotional distress. In addition to compensatory damages, plaintiff seeks punitive damages.

In December, 2002, MWRH filed a motion for partial summary judgment, which was referred to Magistrate Judge Swartwood for a Report and Recommendation ("the R & R"). Magistrate Judge Swartwood recommended granting the motion and that this Court should find that MWRH was a charitable organization limited to a maximum $20,000 in damages,

pursuant to M.G.L. c. 231 § 85K. This Court adopted the R & R on March 22, 2004.

On May 20, 2004, Stewart filed the pending motion to certify the question of law to the SJC to determine whether the federal EMTALA statute is subject to M.G.L. c. 231 § 85K. MWRH opposes the motion.

## II. *Discussion*

■ Stewart seeks certification as to whether it is correct to apply M.G.L. c. 231 § 85K, which caps tort liability for charitable organizations to a maximum $20,000, to the federal EMTALA statute. She argues that SJC Rule 1:03 allows the SJC to answer questions certified by a United States District Court if there are questions of Massachusetts law which:

> may be determinative of the case then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent.

She argues that this is an issue of first impression, that her substantive rights are at stake and that certification would not significantly delay the trial. She also maintains that this question of law would be applicable to other current and future cases brought in this district and that the SJC is in the best position to interpret the application of M.G.L. c. 231 § 85K to EMTALA.

Defendant MWRH opposes Stewart's motion. It argues that the Court already ruled on this issue when it adopted the R & R over Stewart's objection and that she is essentially seeking interlocutory review from a state court of that decision. MWRH argues that, while the SJC has not ruled specifically on whether EMTALA sounds in tort, it has clearly defined the elements of a tort in the context of M.G.L.

c. 231 § 85K and that EMTALA clearly meets that definition. MWRH also argues that the Court should not certify the issue of whether EMTALA preempts the provisions of Chapter 231, because that question of federal law is appropriately decided by a federal court. Defendant argues that EMTALA clearly does not preempt state law because it explicitly provides that a plaintiff may "obtain those damages available for personal injury under the law of the State in which the Hospital is located." 42 U.S.C.A. § 1395dd(d)(2)(A), and as such the limitation on damages is clearly mandated by EMTALA.

■ The plaintiff's motion to certify will be denied. The decision whether to certify a question to a state's highest court "rests in the sound discretion of the federal court." *Lehman Brothers v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). The purpose of certification is to ascertain what the state law is but, in the absence of a definitive ruling, courts may consider "analogous decisions, considered dicta, scholarly works and any other reliable data tending convincingly to show how the highest court in this state would decide the matter at hand." *Michelin Tires v. First National Bank of Boston,* 666 F.2d 673, 682 (1st Cir.1981). It "is inappropriate for a federal court to use [certification] when the course the state courts would take is reasonably clear." *Fischer v. Bar Harbor Banking and Trust Co.,* 857 F.2d 4, 8 (1st Cir.1988).

In the instant case, it is not necessary to certify the question of whether to apply M.G.L. c. 231 § 85K to the federal EMTALA because it is reasonably clear how the SJC would decide the matter. As stated in the R & R, it is clear that 1) the substantive quality of an EMTALA civil action sounds in tort as that term is de-

fined by the SJC, i.e. is an action for a "civil wrong... other than a breach of contract" for which the law provides a remedy, *see Ankiewicz v. Kinder,* 408 Mass. 792, 795, 563 N.E.2d 684 (1990), and 2) Congress clearly did not intend for EMTALA to preempt any state law or local requirement.[1] The R & R points to a factually similar Massachusetts Superior Court case, *Derry v. Saint Vincent Hospital,* 2001 WL 171191 (Mass.Super.2001), as well as to decisions of the Second and Fourth Circuit Courts of Appeals to bolster its holding. For these reasons there is no need to certify this question to the SJC.

Additional factors in contravention of the plaintiff's request are her long delay in bringing this allegedly central question of certification to the Court's attention and her raising of the issue only after the Court ruled against her objection to the R & R. This four-year old case is scheduled for trial on September 13, 2004, and plaintiff's assertion that certification would not cause substantial delay is unconvincing. The First Circuit Court of Appeals has held that it does not look favorably upon a plaintiff "trying to take two bites at the cherry by applying to the state court after failing to persuade the federal court", *Cantwell v. University of Massachusetts,* 551 F.2d 879, 880 (1st Cir.1977), which it seems the plaintiff is trying to do in this case.

Stewart has not persuaded this Court that the SJC might rule other than as recommended in the R & R, and has delayed in filing this motion until receiving an unfavorable ruling from the federal court on this issue. Plaintiff's motion to certify will be denied.

## ORDER

For the reasons stated in the foregoing memorandum, Stewart's motion to certify (Docket No. 131) is DENIED.

**So ordered.**

---

1. Although not addressed in the R & R, MWRH's argument that a federal court, not a state court should decide preemption issues is well taken.