EDWARD P. NEAFSEY *vs.* SAMUEL STONE.

Suffolk.    January 15, 1931. — January 16, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Evidence*, Relevancy, Of state of mind.    *Venue.*

It appearing that the Superior Court for a certain county had jurisdiction of the parties and cause in an action by a broker for a commission, evidence, that the plaintiff said to the defendant that he was going to have the action tried in that county, "I think I have a better chance to lick you in . . . [that county] than I got in . . . [another county where both of the parties lived]," was irrelevant and properly was excluded.

CONTRACT.    Writ dated March 20, 1930.

The action was tried in the Superior Court before *Whiting*, J. There was a verdict for the plaintiff in the sum of $1,833. The defendant alleged an exception to the exclusion of certain evidence described in the opinion.

*J. E. Handrahan*, for the defendant.

*R. E. McCarthy*, (*M. J. Murphy* with him,) for the plaintiff.

RUGG, C.J.   This is an action of contract to recover a commission for the sale of real estate.   Both parties are described in the writ as residents of Brockton in the county of Plymouth, but the plaintiff is also described as having a usual place of business in Boston.   The defendant appeared generally and answered to the merits of the case.   The only exception is to the exclusion of evidence of a conversation between the parties in which the plaintiff said that he was going to bring the defendant to court and have his case tried in Boston because he would claim a place of business there, saying further: "I think I have a better chance to lick you in Boston than I got in Brockton."   There was no objection to the venue or the jurisdiction of the court.   In these circumstances the court had jurisdiction of the parties.   *Paige* v. *Sinclair,* 237 Mass. 482.   Since the court had jurisdiction of the parties and of the cause, the only issue to be tried was whether the plaintiff established by the proper burden of proof his cause of action.   The proffered testimony had no bearing upon that issue.   The cases cited by the defendant such as *Snow* v. *Moore,* 107 Mass. 512, *Brooks* v. *Acton,* 117 Mass. 204, *Tasker* v. *Stanley,* 153 Mass. 148, and *Conklin* v. *Consolidated Railway,* 196 Mass. 302, 306, to the effect that actions and declarations of a party showing bias, evil motives and the like are admissible, do not go to the extent of requiring the admission of the evidence here excluded.

*Exceptions overruled.*