[b]1979 Mass. App. Dec. 425.

## Lillie LANDRUM
## vs.
## COMMONWEALTH
## of
## MASSACHUSETTS

### Case No. 8615

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**January 12, 1981**

Jonathan Shapiro for the defendant.
Edward J. Hughes for the plaintiff.

Present: Cowdrey, P.J. and Forte, J.

## OPINION

FORTE, J. This is a petition for compensation under the Victim of Violent Crime Act. There was evidence that the petitioner was the mother of a 27-year-old unmarried male who was the victim of a homicide. The crime was promptly reported to the police.
At the time of the son's death, the petitioner was living at 84 Woodbole Ave.,

Mattapan, Mass. Prior to his death, the son resided at 179 State St., North Adams, Mass., and was employed by the Northern Berkshire Association of Retarded Citizens.

The deceased son visited the petitioner, staying overnight almost every weekend at the Mattapan address. The petitioner considered her home as the son's residence. On the weekend of his death, the son was staying with the petitioner. The petitioner received approximately $25 per week from her son and was partially dependent upon him for her support.

At the close of the evidence, the petitioner filed six requests for rulings — all were allowed except #6, which was denied.

Request #6 reads as follows:

"#6. The provision of G.L. c. 258A, §1, which purports to disqualify petitioner from receiving compensation because she was not living with the victim at the time of his death even though she was partially dependent upon him for her support creates an irrebuttable presumption that is arbitrary and irrational in violation of the due process clause of the Fourteenth Amendment to the United States Constitution."

In finding that the petitioner is not entitled to compensation, the trial judge made the following finding and ruling:

"I find as a fact that the petitioner was not living, within the meaning of statute, with the victim at the time of the offense which resulted in the victim's death.

"As a matter of law, the victim is not entitled to compensation under M.G. L.A. Chapter 258A, sec. 1."

The petitioner claims to be aggrieved by the finding of fact that the petitioner was not living with the victim at the time of his death and by the denial of request #6.

There was no error.

Ordinarily, when an action cannot be brought in the Superior Court Department and can only be commenced in the District Court Department, an appeal is to the Superior Court Department and not to the Appellate Division of the District Court Department. Donnelly v. Montague, 305 Mass. 14 (1940); Gentile v. Rent Control Board of Somerville, 48 Mass. App. Dec.

199 (1972). Although G.L. c. 258A, §.2 requires such claims to be brought in the District Court, G.L. c. 231, §.108 confers appellate jurisdiction on the Appellate Division.

## I.

There is no appeal from a trial judge's finding of fact in the absence of a request for a ruling of law that the evidence is insufficient to warrant a certain finding of fact, **Bandera v. Donohue, 326 Mass. 563** (1950); or unless the finding is clearly erroneous. Dist./Mun. R. Civ. P. 52(a). Here there was no request for such a ruling of law and the finding is supported by the reported evidence, to wit: the son resided at 179 State St., North Adams and the petitioner resided at 84 Woodbole Ave., Mattapan. T.L. Edwards Inc. v. Fields, 57 Mass. App. Dec. 22, 26 (1976). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. C.C.&T. Construction Co., Inc. v. Coleman Bros. Corp. 1979 Mass. App. Adv. Sh. 1527. We do not have such a conviction.

## II.

The second issue, raised by the denial of request #6, is whether the requirement of G.L. c. 258A, §1 that to be eligible, a person must be dependent "and living with the victim at the time of the injury or death . . .", creates an irrebuttable presumption that is arbitrary and irrational in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

At the arguments before the Appellate Division, the petitioner raised another issue, to wit: said requirement of "living with" is in violation of the equal protection clause of the Fourteenth Amendment. Since this issue was not raised at the trial and not reported to the Appellate Division by the trial judge, the issue is not open on appeal. Had the petitioner wished to save the issue, it should have been done by a proper request. **Milford National Bank & Trust Co. v. Brown, Mass. App. Dec. Adv. Sh.**

1977 650; Mishara v. Halper, 1977 Mass. App. Dec. Adv. Sh. 711, citing Murphy v. Kelley, 302 Mass. 390, (1939). There was no ruling on this issue from which the party was aggrieved. Therefore this division has no jurisdiction of that issue. G.L. c. 231, §108.

"All rational presumptions are made in favor of the validity of every Legislative enactment. Enforcement is to be refused only when it is manifest excess of Legislative power." Comm. v. Finnigan, 326 Mass. 378, 379 (1950).

The petitioner's argument is based upon the United States Supreme Court's decision in Vlandis v. Kline, 412 U.S. 441 (1973), when ruling on a residency requirement for college tuition. It is stated a statute violates the due process clause of the Fourteenth Amendment by creating "a permanent and irrebuttable presumption ... when that presumption is not necessarily or universally true in fact and when the State has reasonable alternative means of making the crucial determination." Ibid at 452. The petitioner argues that once a defined relative proves she was wholly or partially dependent for support upon the victim, that not living with the victim creates a permanent and irrebuttable presumption that the petitioner was not dependent for support.

When dealing "with a with-holding of a non-contractual benefit under a social welfare program . . . , we must recognize that the due process clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking a rational justification." Weinberger v. Salfi, 422 U.S. 749, 768 (1975).

This non-contractual claim to receive funds from the public treasury was created by the Legislature. The right of victims of violent crimes to be reimbursed by the State was not a common law right nor does such non-contractual claim enjoy constitutionally protected status. Opinion of the Justices, 368 Mass. 831, 844 (1975), citing Weinberger v. Salfi, supra. The Legislature may properly conclude, as it did in G.L. c.258A, §1, that an allocation of funds to a somewhat limited class of recipients is preferable to spreading those same funds among all potential recipients. Opinion of the Justices, supra, at 846. Thus to limit eligibility for payments to those dependents who were living with the victim at the time of the victim's death rather than include all dependents does not appear to represent an irrational means to accomplish the Legislature's objectives.

Report dismissed.

Cowdrey, P.J.
Forte, J.