Shubow, J.
The issue presented is whether the proceeds of a so-called “lump sum settlement” under the Workmen’s Compensation Law constitute “payments received .. .as a result of injury .. .(b) under insurance programs” so as to defeat the plaintiff s claim for compensation as a victim of crime.
This case was tried on the basis of a statement of agreed facts.[1]
Drawing upon the succinct summary of the facts in the Report, and in the statement of agreed facts incorporated therein, it appears that the plaintiff was seriously injured as a result of rape occuring in the course of her employment. Her medical expenses were fully paid by the Workmen’s Compensation insurer (or by Medicaid). From August 3, 1978, Until February 10, 1982, the plaintiff received weekly compensation benefits in the amount of $69.19 (which represented two-thirds of her average weekly wage of $103.78). The total of the payments was $16,686.77. The difference between the compensation received and what would have been received had the employee continued to earn her average weekly wage was $6,329.97. the amount presently being claimed under G. L. c. 258A. the Act providing compensation to victims of violent crimes. (Acts, 1967, Chapter 852). On February 10, 1982, the plaintiff entered into a "lump sum settlement” with the employer’s compensation carrier in the sum of fifty-thousand dollars, a settlement subsequently approved by the Division of Industrial Accidents. The parties have agreed: "The Sixty-six Thousand Seven Hundred Eighty-six and 77/100 ($66,786.77) Dollars, the total compensation paid to and received by Miss Peach as the result of her injuries, was paid to her under an insurance program. (G.L. c. 258A, §6)”
In his Memorandum of Decision, the trial judge makes clear that the $6,329.97 was the “loss” sustained by the plaintiff as the term “loss” is used in section 5 of G. L. c. 258A and was the sum potentially recoverable in the present case. He *339 also, correctly we believe, determined that this loss “was not intended to be encompassed in the lump sum settlement.”[2] Nevertheless, he concluded that G. L. c. 258A, §6, required any sum otherwise shown to be due to be reduced by the lump sum settlement which he ruled “was a payment received by her as a result of the injury under an insurance program.”
Seeking to present her legal position in the usual manner of raising legal questions in a civil trial, the plaintiff requested the following Ruling:
“2. The Plaintiff, Tamara C. Peach, is entitled to the difference between hei total actual loss sustained, Seventy-three Thousand One Hundred Sixteen and 74/100 ($73,116.74) Dollars and the total amount she recovered from the Workmen’s Compensation insurer, Sixty-six Thousand Seven Hundred Eighty-six and 77/100 ($66,786.77) Dollars, less the One Hundred ($100.00) Dollar deeductible provided for by Chapter 258A, to wit: Six Thousand Two Hundred Twenty-nine and 97/100 ($6,229.97) Dollars.”
The judge denied the Ruling in part upon the ground that the plaintiff was erroneously characterizing the lump sum payment as a reimbursement for a loss already sustained. Indeed, the plaintiff asserts at one point in her brief' 'The total actual loss sustained equals Seventy-three Thousand One Hundred Sixteen and 74/100 ($73,116.74) Dollars.” (p.5). Elsewhere, however, the employee, in what seems a somewhat more accurate characterization, describes the lump sum settlement as representing a compromise of her future rights and potential losses. To the same effect was the employee’s request for a Ruling 5 (allowed by the trial judge): “The Lump Sum settlement did not compensate the Plaintiff, Tamara C. Peach, for any loss of earnings she incurred from the time of her injuries on August 3rd, 1978, through the time she compromised herfuture rights and potential losses on February 10th, 1982.” In short, there is no basis in the actual circumstances or in logic for suggesting that the lump sum payment may be relied on to enhance what the plaintiff may show to satisfy the statutory requirement that she has “incurred an out-of-pocket loss of at least one hundred dollars or has lost two continuous weeks of earnings or support.” (Section 5). Payment by the insurer does not ipso facto mean that there had yet occurred any compensable unpaid loss but may well have resulted from some over-pessimistic prophecy as to a possible future loss.
Turning to the impact of the lump sum of the employee’s claim, the stipulation in the Statement of Agreed Facts, cited supra at p. 3, standing alone, defeats the plaintiffs claim. In paragraph 17, it is expressly agreed that all compensation received from the industrial accident insurer as result of her injuries “was paid to her under an insurance program.”
The plain words of the statute require any compensation sought to be paid to be reduced by the “amount of any payments received or to be received as a result of the injury .. .(b) under insurance programs,...”. G. L. c. 258A, §6.
G. L. c. 258A, §7, subrogates the Commonwealth to the extent of any compensation paid under 258A “to any (emphasis supplied) right of action accruing to the claimant.”[3] Entry by the plaintiff into the lump sum settlement has *340 defeated any subrogation rights the Commonwealth would have acquired against the insurer had it been called upon to pay compensation to the plaintiff. .The subrogation section makes it anomalous for the plaintiff to recover more than her out-of-pocket losses and still seek from the Commonwealth compensation for a portion of her loss not technically embraced within the lump sum recovery.
The result reached by the trial judge is fully consistent with the teaching of Gurley v. Commonwealth, 363 Mass. 595 (1973). In that case the court held, as a matter of statutory construction, that future losses of earnings and support were recoverable, up to the statutory ceiling, by the dependents of a deceased victim. But in that case the trial judge found that the claimants had sustained a loss measured by the earning capacity of the victim found to be $324,961.76 (at p. 597). Here the only loss established by the Statement of Agreed Facts not already the subject of insurance payments is $6,329.97. Gurley teaches that such a loss must be reduced (pursuant to §6 of Chapter 258A) by "the amount of any payments received or to be received as a result of the injury.. .(b) under insurance programs,..." While the over-all purpose of the statute may be said to be remedial, our cases have recognized that there is only a limited source of funds available and recovery must be saved for those limited situations clearly provided for. See Landrum v. Commonwealth, 1981 Mass. App. Div. 6, 8.
There being no reversible error, the Report is dismissed.

 Where the facts are agreed to and the case proceeds as a case stated. Requests for Rulings do not have their usual function of enabling the losing party to separate the judge's factual findings from the principles of law applied. It was the duty of the court, as it is ours, to order the correct judgment on the agreed facts. See Kimball v. Medford, 340 Mass. 727, 728-729 (1960). Questions of law may be decided without reference to the trial court’s action on rulings. Associate Discount Corporation v. Woods, d/b/a, 41 Mass. App. Dec. 99, 102-103 (1968); Gurley v. Commonwealth, 49 Mass. App. Dec. 78, 79 (1972) (reversed on other grounds, at 363 Mass. 595 [1972]). Notwithstanding this, the Report and the parties' briefs proceed in the conventional way to discuss the Rulings requested and action of the court thereon. (The Report also mechanically reiterates that it “contains all the evidence material to the question being reported".) We shall, however, because of possible benefit, discuss the Rulings to the extent it seems useful.

 Lump sum settlements in industrial accident cases are defined in G. L. c. 152, § 48. While they may embody an agreement between employee and insured that compromises past or future weekly payments, they do not ordinarily embrace any payment that involves losses to the employee in weekly wages above the two thirds mark because the compensation act does not purport to compensate for such wages lost. See Gannon v. Contributory Retirement Appeal Board, 338 Mass. 628, 634 (1959); Locke, “Lump Sum Settlements,” Workmen’s Compensation, 2d ed. (1981).

 Although this issue was not considered by the parties, this court may examine the statute as a whole. See Gillig v. D.D.E.S., 389 Mass. 483, 486 (1983). Moreover, we may consider issues not presented by the parties. See Commonwealth v. Elder, 389 Mass. 743, 746 (1983).