Cowdrey, P.J.
This is an action pursuant to G. L. c. 258A in which the petitioner seeks statutory compensation as a victim of a violent crime. The petitioner, James W. Smith, sustained injuries in an assault and battery committed upon him on March 22,1981 in Haverhill, Massachusetts. Judgment was entered for the petitioner in the sum of $1,353.25.
The petitioner is, and was at all times material to this action, a resident of the state of New Hampshire. The respondent, Commonwealth of Massachusetts, filed a motion to dismiss this action on the grounds that the petitioner, as a non-resident of Massachusetts, was ineligible for compensation under G. L. c. 258A; and that the trial court lacked jurisdiction in this matter. This motion was denied, and the Commonwealth thereafter requested a report to this Division pursuant to Dist./Mun. Cts. Supp. R. Civ. P., Rule 150(h).
1. The issue of a non-resident’s eligibility for compensation as a victim of a violent crime pursuant to G. L. c. 258A appears to be one of first impression in this Commonwealth. In endeavoring to resolve the question of non-resident eligibility, we remain cognizant of the statute’s status as social welfare legislation which confers non-contraetual benefits from the public treasury upon qualifying petitioners. Landrum v. Commonwealth, 1981 Mass. App. Div. 6, 8. In enacting G. L. c. 258A:
the Commonwealth has voluntarily waived its sovereign immunity to a limited extent in order to compensate victims of violent crimes; a *11 right which did not exist prior to the.enactment of G. L. c. 258A ... In waiving its imunity, the Commonwealth established certain rights or recovery which cannot be extended beyond those expressly conferred by the statute ...
Gurley v. Commonwealth, 363 Mass. 595, 600 (1973). See also Broadhurst v. Director of Div. of Employ. Sec., 373 Mass. 720, 727 (1977); Piotti v. Commonwealth, 370 Mass. 386, 387-388 (1976).
The- compensation rights ‘‘expressly conferred” by the statute are not explicitly restricted to Massachusetts residents only. Eligibility for compensation is defined in G. L. c. 258A, §3 in terms of a petitioner’s status as either a victim of a violent crime or a dependent of such victim. Mitchell v. Commonwealth, Mass. App. Div. Adv. Sh. (1979) 37, 40-41.
Eligibility for compensation does not, however, automatically insure recovery of compensation. Section 4 of the statute requires that a claim for compensation be filed; and § 2 of G. L. c. 258A prescribes that such claims shall be brought in a district court “within the territorial jurisdiction in which the claimant lives.” It is clear that this provision of c. 258A renders the non-resident petitioner in this case ineligible for c. 258A benefits.
The reference in §2 to the “territorial jurisdiction in which the claimant lives” may be characterized as a venue provision for the purposes of this case. It is well established that improper venue is generally an affirmative defense which is waived if not seasonably pleaded. Dist./Mun. Cts. R. Civ. P., Rule 12(h); Sebastian v. Carroll, 353 Mass. 465, 468 (1968); Maker v. Bouthier, 242 Mass. 20, 24 (1922). If a .question of improper venue is timely brought'to the attention of a district trial court, two alternative dispositions are available depending on the nature of the request for relief. A motion, to dismiss pursuant to Dist./Mun. Cts. R. Civ. P., Rule 12(b)(3) must be allowed if lack of venue is established. See, e.g., Kalman v. Board of Aldermen of Chelsea, 13 Mass. App. Ct. 904 (1982). Either party may alternatively move under G. L. c. 218, §2A to transfer the case to “any other district court in which the action might have been commenced.” '
The ultimate unavailability of c. 258A benefits to the non-resident petitioner herein is thus clear on the basis of the foregoing. This case was instituted in the Haverhill Division of the District Court Department, and thus not in a district court within the territorial jurisdiction- of Danville, New Hampshire, -the petitioner’s place of residence. The respondent-Commonwealth of Massachusetts was thus entitled to a Rule 12(b)(3) dismissal of this action on the grounds of improper venue. Moreover, no motion could have been brought by the petitioner pursuant to G. L. c. 218, §2A to transfer this Massachusetts statutory cause of action to a New Hampshire court, the only court of proper venue under c. 258A, §2.
• The Commonwealth contends that the provision of §2 mandating the institution of a G. L. c. 258A suit in a “district court within the territorial jurisdiction in which a claimant lives” renders all non-Massachusetts residents automatically ineligible for compensation under the statute. As a practical matter, we are inclined to agree. Whether or not the Legislature actually intended state residency to be a pre-requisite to eligiblity for c. 258A benefits, claims by out-of-state residents filed in any Massachusetts district court remain subject to immediate dismissal for improper venue under §2 of the statute. Moreover, no constitutional impediment deriving from either the equal protection or privileges and immunities clauses of the Fourteenth Amendment would appear to bar the operation of an implicit non-durátiónal *12 residency requirement in c. 258A for compensation eligiblity.
The privileges and immunities clause would be inapplicable, as participation in a state compensation program for victims of crime is not a “fundamental right” which must be extended to non-state residents. Massachusetts Council of Constr. Employers, Inc. v. Mayor of Boston, Mass. Adv. Sh. (1981) 2039, citing Ostrager v. State Bd. of Control, 99 Cal. App. 3d 1, 5 (1979). As discrimination between state citizens and out-of-state residents would not create a “suspect classification” mandating strict scrutiny, Standing v. Dept. of Labor & Indus., 598 P.2d 725 (Wash. 1979), a residency requirement would also pass constitutional muster under the equal protection clause if it were rationally related to a legitimate legislative purpose or objective. Weinberger v. Salfi, 422 U.S. 749, 768-770 (1975). An interest in cost savings[1] to be achieved by the limitation of c. 258A benefits to state residents would constitute a legitimate state purpose. See Baldwin v. Montana Fish & Game Comm’n, 436 U.S. 371, 391 (1978); Ostrager v. State Brd. of Control, supra. Generally, a non-contractual claim to receive funds from the public treasury enjoys no constitutionally protected status. Dandridge v. Williams, 397 U.S. 471, 487 (1970). A claim for funds from the public treasury of a sister state would appear even less constitutionally cognizable.
2. We reject the respondent’s second contention that the Haverhill Division of the District Court Department lacked jurisdiction in this matter. Section 2 of G. L. c. 258A states that:
The district courts of the Commonwealth shall, pursuant to the provisions of this chapter, have jurisdiction to determine and award compensation to victims of crimes.
This language expressly confers subject matter jurisdiction upon all district courts to entertain and adjudicate c. 258A claims for compensation. The power and authority of a court to hear a particular case is generally unaffected by a plaintiffs failure to satisfy venue requirements. Venue “relates to practice and procedure, maybe waived, and does not refer to jurisdiction at all.” Paige v. Sinclair, 237 Mass. 482, 484 (1921). See also Neafsey v. Stone, 274 Mass. 235, 236 (1931).
3. The trial court’s denial of the respondent’s motion to dismiss is reversed. Judgment for the petitioner is vacated. Judgment is to be entered for the respondent, Commonwealth of Massachusetts.

See Report of the Special Commission on the Compensation of Victims of Violent Crimes, 1967 House Doc. No. 5151, pp. 20-21.