Dissenting Opinion
Shubow, J.,
dissenting. With great reluctance, I dissent. The reluctance arises from the fact that I concede one reading of the recent case Bushnell v. Bushnell, 393 Mass. 462 (1984), could justify, if not mandate, the result reached by the court. But I suggest that the court’s reading results in ignoring the following factual outcome which unmistakably emerges from an otherwise clouded Record.
The parties entered into an agreement to purchase a lot of land for $13,000. The plaintiffs on separate occasions paid the defendants sums totalling $7,120 (which the trial judge sometimes characterizes as a binder and sometimes as a deposit), but were never able, despite extensions, to close the deal, a fact which became clear by January 1982. The defendants refused to return the payments, or any part thereof, to the plaintiffs and on June 23,1983, sold the lot to another for $14,000.
The majority recognizes the looming presence of the question of an unlawful forfeiture but feels constrained to avoid the issue because of what it sees as the absence of any request for a ruling expressly focusing upon the subject. I believe that a search for an appropriate request for a ruling, while generally necessary, may sometimes be too mechanical and the elevation of form over the substance of a controversy. As has been said too often to warrant extensive citation, the function of requests for rulings is to enable an appellate tribunal to discern what the trial court decided as a matter of fact and what it decided as a matter of law. See Peach v. Commonwealth, 1983 Mass. App. Div. 338, fn. 1. Where that is clear, a rigid insistence on the need for a request becomes atrap for inartistic appellate counsel at the expense of his clients. (The difficulty in this case arises from the filing of a barrage of some forty-six requests for rulings; many of them landing wide of the mark. The trial judge patiently passed upon many and denied the balance summarily as excessive).
But the appellate divisions do not always act solely on the basis of requests for rulings. See Moulton v. Brookline Rent Control Board, 385 Mass. 228 (1982). This court recently decided a penalty forfeiture case without mention of any request for a ruling. See Beckerman v. Pinkas, 1984 Mass. App. Div. 245. _____ _ *40 Moreover, the principle recently restated by the Supreme Judicial Court is qualified in the opinion and recognizes in appropriate but, one hopes, infrequent situations a duty to go beyond the requested rulings. “The Appellate Division is required to consider questions reported to it,..., and has the duty to consider legal questions necessarily attendant to those reported.” (Emphasis supplied.) Bushnell v. Bushnell, 393 Mass. 462, 465 (1984). The somewhat broad statement in Bushnell at page 475, quoted in the opinion, supra, “. . . the Appellate Division generally has only the power to decide questions properly reported to it” is saved from being inconsistent by the word “generally.” The true inquiry, in the absence of a clear request, should be whether the question of law is shown to have been presented to the trial judge and briefed by the parties. If indeed that is the test, I believe it has been met here, albeit barely. A number of the requests for rulings (see 4, 7, 17, 18) although addressed to the plaintiffs’ claim for a return of aU of their payments logically present as an attendant issue the question of whether the plaintiff may be entitled to a partial return at least of those sums not referred to in the purchase and sale agreement. Moreover, the question of the amount of the damages was briefed (Plaintiffs’ brief, pp. 11-13) although not by the defendant.
Under the circumstances, in my opinion the case should be returned to the trial judge for further consideration of whether, under the factual circumstances found by him, his award was tantamount to imposition of an unlawful forfeiture unless based on the prevailing party’s actual damages.