Doyle, P.J.
This appeal presents a constitutional challenge on equal protection grounds to the statutory eligibilityrequirements set forth in G. L. c. 258A, Sec. 1 for compensation of dependents of victims of violent crimes.
The facts in this case are uncontroverted. Petitioner Joseph Sweeney is the eleven year old son of the late Robert B. Sweeney who was fatally stabbed on June 25,1986. At the time of his father’s death, the petitioner’s parents were divorced and he was living with his mother. On November 7, 1986, the petitioner, through his mother and next friend, filed a G.L. c. 258A claim for compensation as the dependent of a deceased victim of a violent crime. The trial court ultimately ruled that the petitioner was ineligible for compensation under G. L. c. 258A, Sec. 1 which defines a qualifying dependent as a
child ... who is wholly or partially dependent for support upon and living with the victim at the time of his injury or death due to a crime alleged in a claim pursuant to this chapter. [Emphasis added].
Judgment was entered forthe respondent, Commonwealth of Massachusetts.
The petitioner contends on this appeal that G.L. c. 258A, Sec. 1 violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Pt. 1, Art. 1 of the Massachusetts Declaration of Rights because it denies to all dependents of crime victims equal entitlement to statutory compensation by restricting c. 258A recovery to only those dependents living with the victim at the time of his or her death. It is undeniable that G. L. c. 258A creates two separate classes of dependents by precluding statutory recovery to those dependents who do not reside with the victim. The equal protection guarantees of the federal and state constitutions *186 do not, however, forbid reasonable classifications of subjects of legislation, nor do they preclude disparate or unequal treatment of related classes. Begley v. Board of Appeal of Boston, 349 Mass. 458, 460 (1965); Sisters of the Holy Cross of Mass. v. Brookline, 347 Mass. 486, 495 (1969). ‘The equal protection clause.. . limits legislative discretion in delineating classifications only to the extent of forbidding ‘arbitrary or irrational’ classifications, or discrimination which is ‘invidious.’ [Citations Omitted].” Pinnick v. Cleary, 360 Mass. 1, 28 (1971). See also, Edgar v. Edgar, 403 Mass. 616, 619 (1988).
Consideration of whether a challenged legislative provision violates the equal protection clause requires an initial assessment of the nature of the class created and the constitutional magnitude of the right or interest affected. If the statutory provision rests on a suspect classification or impinges on a fundamental right or interest, such provision is subject to strict judicial scrutiny which requires an affirmative demonstration that the challenged provision promotes a compelling State interest which could not be achieved in any less restrictive manner. Cepulonis v. Secretary of the Commonwealth, 389 Mass. 930, 935 (1983); Massachusetts Public Interest Research Group v. Secretary of the Commonwealth, 375 Mass. 85, 93 (1978). A legislative definition of dependents as certain designated family members residing within the household of a crime victim does not constitute an inherently suspect class. The latter term generally connotes a discrete minority or readily identifiable segment of the population historically subject to discrimination, Massachusetts Board of Retirement v. Murgia, 427 U.S. 307 (1976) and is customarily confined to classifications based on race, religion, alienage, gender, national origin or legitimacy. See cases collected in Massachusetts Public Interest Research Group v. Secretary of the Commonwealth, supra at 93 n. 4 and Commonwealth v. King, 374 Mass. 5, 21 (1977).
Similarly, participation in a state compensation program for victims of violent crimes and their dependents does not constitute a fundamental right guaranteed to all citizens. Smith v. Commonwealth, 1984 Mass. App. Div. 10, 12. “Generally, a non-contractual claim to receive funds from the public treasury enjoys no constitutionally protected status.” Id. at 10, citing Dandridge v. Williams, 397 U.S. 471, 487 (1970). Classifications created by social welfare legislation such as G. L. c. 258A are traditionally subject to less than strict j udicial scrutiny and are upheld if at all reasonable solely because entitlement to the benefits of such legislation does not entail or implicate a constitutionally protected substantive right. See, e.g., Campbell v. Commissioner of Public Welfare, 397 Mass. 394, 399 (1986). We reject the petitioner’s contrary assertion that G.L. c. 258A is not social welfare legislation because recovery is not predicated on the financial need of claimants, but is instead a form of restitution for which the Commonwealth is in part liable for its failure to protect citizens from violent crime.[3] Such characterization would not, in any event, elevate G. L. c. 258A compensation to the level of a fundamental right, and would thus not require strict judicial scrutiny of eligibility requirements or statutory classifications. See, e.g., Hallett v. Wrentham, 398 Mass. 550, 557-558 (1986) (G.L. c. 258, Sec. 2 limitations on Mass. Tort Claims Act recovery do not infringe on fundamental right) and cases cited.
As G.L. c. 258A, Sec. 1 neither creates an inherently suspect classification, nor impinges on a fundamental right, the statutory provision challenged by *187 the petitioner herein must be deemed constitutional if it is “rationally related to the furtherance of a legitimate state interest.” Dickerson v. Attorney General, 396 Mass. 740, 743 (1986). In employing the “rational basis” standard of review, we remain cognizant that the statute is presumed to be constitutional and that the classification at issue must be upheld “if any state of facts reasonably may be conceived to justify it.” Marshfield Family Skateland, Inc. v. Marshfield, 389 Mass. 436, 446 (1983), quoting from Commonwealth v. Henry's Drywall Co., 366 Mass. 539, 541 (1974). The most obvious and measurable result of limiting G. L. c. 258A statutory compensation to certain designated dependents is a reduction in the total public funds to be expended under the statute. An interest in cost savings, in preserving the fiscal integrity of the statutory compensation program and in balancing its allocation of scarce public resources are all legitimate State objectives which are furthered by, and thus rationally related to, the eligibility restrictions of G.L. c. 258A. Smith v. Commonwealth, supra at 12. See also, Hallett v. Wrentham, supra at 558; Campbell v. Commissioner of Public Welfare, supra at 399-400; Rosary v. Commissioner of Public Welfare, 370 Mass. 862 (1976). “The Legislative desire to conserve public funds and to direct funds to a limited class of recipients is entitled to respect.” ABCD, Inc. v. Commissioner of Public Welfare, 378 Mass. 327, 341 (1979), quoting from Opinion of the Justices, 368 Mass. 831, 845-846 (1975). The rational basis of the G.L. c. 258A, Sec. 1 dependency classifications compels the determination that the statute does not violate equal protection guarantees.
In upholding the constitutionality of the G.L. c. 258A, Sec. 1 eligibility requirements for dependents of crime victims, we are not unsympathetic to the practical merits of the petitioner’s claim or unmindful of the very real inequity of denying compensation to truly needy dependents who, like the petitioner, are deprived of the financial support of family members who fall victim to violent crime. Given obvious sociological realities, including divorce, the number of dependents who do not reside with their support providers is not negligible, However, legislative classifications having some rational basis do not offend the equal protection clause simply because they are imperfect or result in some practical inequality. Commonwealth v. Petralia, 372 Mass. 452, 458 (1977); Commonwealth v. McQuaid, 369 Mass. 925, 927-928 (1977). Judicial review does not permit an inquiry into the “expediency or the wisdom of the legislative judgment.” Blue Hills Cemetery, Inc. v. Board of Registration in Embalming & Funeral Directing, 379 Mass. 368, 375 (1979).
Report dismissed.

 See the July, 1976 Report of the Special Commission on the Compensation of Victims of Violent Crime, 1967 House Doc. No. 5151, p. 14-15.