Banks, J.
This is a G.Lc. 258Aclaimfor compensation brought on behalf of the minor children of a deceased victim of a violent crime. The trial court entered judgment for the petitioner, and awarded statutory compensation to the minor children. The Commonwealth has appealed solely upon an issue of law relative to the qualifications of the children as claimants eligible for compensation under the terms of the statute.[2]
The facts are not in dispute. Claimants Paula and Michael A. D ¡Gregorio Jr. are the minor children of Mary DiGregorio, the petitioner, and Michael DiGregorio, a murder victim. Approximately one year prior to the crime at issue, Mary and Michael DiGregorio were divorced. With regard to the relationship of the parties thereafter and at the time of Michael DiGregorio’s death, the trial court made the following findings of fact:
A Separation Agreement by and between Maty DiGregorio and the victim was entered into on June 21,1984 and incorporated into, but not merged with, a Judgment of Divorce Nisi entered on the same day by the Essex County Probate and Family Court
Pursuant to the terms of the Separation Agreement, Maty DiGregorio and the victim had shared legal custody of the claimants.
Pursuant to the agreement, the victim was to pay $195.00 a week to Mary DiGregorio for the support and maintenance of the claimants.
At the time of the victim’s death, he was paying $195.00 to Mary DiGregorio for the support of the claimants as well as paying their medical expenses.
Since Mary DiGregorio and the victim separated in January, 1983, Mary DiGregorio has claimed the claimants as dependents for income taxpurposes.
Since Mary DiGregorio and the victim separated in January, 1983, the claimants have attended school from the home of Mary DiGregorio.
*181 After Mary DiGregorio and the victim separated in January, 1983, the claimants stayed at both the homes of Maiy DiGregorio and the victim.
After Mary DiGregorio and the victim separated in January, 1983, and up to the time of the victim’s death, the victim maintained a separate room in his home on Fenwick Streetfor the claimants, would be in contact with them and would visit them at the home of Mary DiGregorio as well as having them stay at his home during the weekend or during holidays and school vacations.
Upon this state of facts, the dispositive question was whether the claimants herein were “wholly orpartially dependentfor support upon and livin g with the victim at the time of his ... death [emphasis supplied] “so as to qualify as dependents under G.L.c. 258A, §1. In making an award to the claimants, the trial court made the additional, conclusory finding that:
Atthe time of the victim’s death, the claimants maintained a residence atboth the home of their mother, Mary DiGregorio and at the home of their father, the victim.
Based on such finding, the trial court decided that the “living with” requirement of the statute had been satisfied, and that the claimants fell within the statutory definition of qualified dependents eligible for c. 258A compensation.
We do not reach the question of whether the trial court’s factual determination of the claimants’ joint residence with their mother and their father was clearly erroneous. In our view, such issues as legal custody, rights of visitation and the shifting problems of whether, when and for what purposes domicile or residence may be established are irrelevant to the interpretation of the statutory clause in question. It is a basic tenet of statutory construction that all words of a statute are to be given their ordinary and usual meaning. Cardelliccho v. Board of Retirement of Natick, 391 Mass. 760, 763 (1978); Selectmen of Topsfield v. State Racing Comm., 324 Mass. 309, 312 (1949). The words “living with” are not ambiguous and may be reasonably understood in their ordinary sense without resort to legal technicalities or abstractions. The trial court, however, construed the statutory phrase “living with” in the following manner.
5. The term ‘living with the victim at the time of his injury or death,’ as it is used in M.G.Lc. 258A, §1, does not mean in the case where the victim is the non-custodial parent of the child and the victim is supporting, wholly or partially, the child, that the child must have been actually staying at the victim’s home for any length of time. Rather, the term as it is used in the described situation means that there must be some connection between the child and the victim, and the ‘living with the victim’ requirement is met where the victim has the right, whether by a visitation schedule or agreement of the party, to have a child stay or reside with him for as short a period of time as one day.
In no way can the ordinary and usual meaning of the words “living with” be either found synonymous with, or reduced to, a mere right of visitation, whether exercised or not The effect of the court’s ruling of law number 5 was to remove the words “living with” from the statutory definition of dependents set forth in G.Lc. 258A, §1. It is elementary that a statute may not be construed so as to render superfluous one or moreofits provisions. Casa Loma, Inc. v. Alcoholic Beverages Control Comm., 377 Mass. 231, 234 (1979).
The trial court’s alteration of the express terms of C.258A was apparently predicated on a misconception as to the legislative intent underlying the statute. The court ruled:
6. Any interpretation of the term ‘living with the victim atthe time of his injury or death’ as it is used in M.G.Lc. 258A which would bar compensation to all *182 children of divorced parents who were victims, as defined, would be an unintended result of the drafters of the legislation.
7. In light of the drafters’ intent in enacting M.G.Lc. 258A, there is no rational reason or purpose for excluding from eligibility children of divorced parents who were receiving support from a parent at the time of the parent’s injury or death due to crime, but were not actually living in the same abode with the parent at the time of the injury or death.
A statute must be interpreted in accordance with the principal purposes for which it was enacted. Commissioner of Corp. and Tax. v. City of Springfield, 321 Mass. 31, 37-38 (1947). General Laws c. 258A was obviously intended to alleviate a portion of the pain and suffering of some dependents who were deprived of a source of support by reason of violent crime. In enacting the statute, the Legislature also made it clear in its definition of qualified dependents that not all who lost support were to be aided. The Legislative intent, which is controlling in this matter, included the evident intent to exclude certain persons from statutory recovery. Such exclusions have been determined not to be violative of constitutional rights, and to be justified rationally on the basis of both cost and the reduction of spurious and fraudulent claims. Sweeney v. Commonwealth, 1989 Mass. App. Div. 185. See also, Smith v. Commonwealth, 1984 Mass. App. Div. 10, 12. Even if it were thought that all children of divorced parents should be included in the provisions of G.Lc. 258A, “a statute cannot be extended by construction or enlargement beyond its fair import” to avoid hardship, injustice or unintentional omission. Mitchell v. Mitchell, 312 Mass. 154, 161 (1942). See also, Rosenbloom v. Kokofsky, 373 Mass. 778, 781 (1977). “Judicial review does not permit an inquiry into the ‘expediency or the wisdom of the legislative judgment ’” Sweeney v. Commonwealth, supra, quoting from Blue Hills Cemetery, Inc. v. Board of Regis, in Embalming & Funeral Direc., 379 Mass. 368, 375 (1979).
Upon the facts in this case, see also Landrum v. Commonwealth, 1981 Mass. App. Div. 6, and upon the evident application of an incorrect proposition of law in this matter,the judgment below must be reversed and the award to the claimants vacated. Judgment is to be entered for the respondent, Commonwealth of Massachusetts. So ordered.

 Section 3 of G.Lc. 258A restricts eligibility for compensation to victims of violent crime or dependents of such victims. Section 1 defines a dependent as, inter alia, a “child... who is wholly or partially dependent for support upon and living with the victim at the time of his injury or death...”