Fumari, J.
This is a G. Le. 258A petition for statutory compensation brought on behalf of the minor, illegitimate children of Kevin Samms, the deceased victim of a violent crime.
Upon uncontroverted evidence, the trial court found that the children received support from and were visited by Kevin Samms, but at all times resided with their mother. The court properly ruled, therefore, that the children were ineligible for statutory compensation under G.Lc. 258A,§§l,3whichdefineaqualifying dependent as a “child... wholly or partially dependent for support upon andlivingwiththevictim at the time of his ... death ... [emphasis supplied].[2]
We affirm the trial court’s denial of the petitioners’ statutory claim and its judgment for the respondent, Commonwealth of Massachusetts.
The petitioners endeavor on this appeal to raise anew a single issue previously reviewed and resolved in earlier decisions by this Division; namely, whether the eligibility requirements of G.Lc. 258A, §1 violate the Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and Part 1, Article 1 of the Massachusetts Declaration of Rights because they deny to all dependents of crime victims equal entitlement to statutory compensation by restricting c. 258A recovery to those dependents “living with” the victim at the time of his or her death. This case is governed by our decisions in DiGregorio v. Commonwealth, 1990 Mass. App. Div. 180, and Sweeney v. Commonwealth, 1989 Mass. App. Div. 185. See also, Smith v. Commonwealth, 1984 Mass. App. Div. 10; Landrum v. Commonwealth, 1981 Mass. App. Div. 6. We reiterate what has been previously stated. The legislative definition of qualifying dependents set forth in G.Lc. 258A, §1 does not constitute an inherently suspect classification, nor does statutory compensation of this nature rise to the level of a fundamental or constitutionally protected substantive right Therefore, the c. 258A legislative scheme and, in particular, the eligibility requirements of Section 1 pass constitutional muster because they “are rationally related to the furtherance of a legitimate state interest” Dickenson v. Attorney General, 396 Mass. 740, 743 (1986).
The most obvious and measurable result of limiting G.Lc. 258A statutory compensation to certain designated dependents is a reduction in the total public funds to be expended under the Statute. An interest in cost savings, in preserving the fiscal integrity of the statutory compensation program and *118 in balancing its allocation of scarce public resources are all legitimate State objectives which are furthered by, and thus rationally related to, the eligibility restrictions of G.Lc. 258A. [citations omitted] ...The rational basisofthe G.Lc. 258A, §1 dependency classifications compels the determination that the statute does not violate equal protection guarantees.
Sweeney v. Commonwealth, supra, at 187.
Conceding that the “living with” condition precedent to c. 258A recovery is a “facially neutral” requirement, the petitioners argue that such condition has an unconstitutional “discriminatory impact” upon large numbers of illegitimate, and particularly black, illegitimate children who, the petitioners contend, are more likely to live with their mothers, but whose fathers are more likely to fell victim to violent crimes. Such contention simply restates arguments rased in behalf of children of divorced and separated parents which were rejected in Sweeney and DiGregorio as a constitutional challenge to G.Lc. 258A. Legislative classifications having some rational basis do not offend equal protection guarantees simply because they effect some practical inequality for related classes or anomalous results for members of the same class. The feet that only some, but not all, illegitimate children of whatever race may prove eligible for compensation under G.Lc. 258A, §1 does not invalidate the statute under either our federal or state constitutions.
Report dismissed.

 Section 3 of G.L.C. 258A restricts eligibility for compensation to victims of violent crime or dependents of such victims. Section 1 defines a dependent as the “mother, father, spouse, spouse’s mother, spouse’s father, child, grandchild, adopted child, child bom out of wedlock, brother, sister, niece or nephew, who is wholly or partially dependent for support upon and living with the victim at the time of his injury or death due to a crime alleged in a claim pursuant to this chapter.”